UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RUTH LOUISE FRIEND JONES,

      Plaintiff,

      v.

REGIONAL ACCEPTANCE
CORPORATION, et al.,

      Defendants.

CIVIL ACTION NO. 25-CV-02226

(SAPORITO, J.)

## MEMORANDUM

On January 12, 2026, the *pro se* plaintiff filed an emergency *ex parte* motion for temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, seeking to enjoin the defendants from: (1) repossessing her 2016 Toyota Carolla (VIN: 2T1BURHE1GC722126); (2) initiating or continuing the collection, enforcement, or credit reporting related to the underlying dispute; and (3) taking any further action to accelerate, collect on, or otherwise enforce the sales contract involving her 2016 Toyota Carolla. (Doc. 22). That same day, we ordered that the defendants be temporarily enjoined from repossessing the plaintiff's 2016 Toyota Carolla pending the resolution of the plaintiff's motion for a preliminary injunction. (Doc. 23) On January

20, 2026, the defendants filed a brief in opposition to the plaintiff's motion for a preliminary injunction. (Doc. 25). On January 27, 2026, the plaintiff filed her response. (Doc. 29). The matter is now ripe for review.

## I.    Background[1]

Because we write solely for the parties, we need only include a brief outline of the relevant facts pertaining to this case.

On August 4, 2016, the plaintiff obtained a loan in the amount of $20,079.26 to finance the purchase of a new Toyota Carolla. The loan was assigned to Regional Acceptance Corporation ("RAC"). The plaintiff agreed to make seventy-two payments of $430.05 to pay off the loan, beginning in September of 2016 and ending in August of 2022. Throughout the payment period, however, the terms of the contract were modified by several payment extensions, as late as December 29, 2023. The plaintiff continued to pay her monthly installments per those extensions.

On November 21, 2025, the plaintiff initiated this action against the defendants asserting the following claims: (1) a violation of the Fair

---

[1] This section is taken from allegations in the plaintiff's complaint. (Doc. 1).

Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*,; (2) a violation of the Truth in Lending Act, 15 U.S.C. § 1638, *et seq.*, (3) a violation of Pennsylvania's Unfair Trade Practices & Consumer Protection Law; (4) a breach of contract; (5) negligence; (6) negligent supervision; (7) conversion; and (8) invasion of privacy. The plaintiff asserts that although her seventy-two month contract with RAC matured in August of 2022, the defendants continue to bill, collect, and withhold her title in violation of that contract. She contends that the defendants' continued loan servicing, collection, and lien retention are unlawful and unsupported by any borrower-authorized modification. Moreover, the plaintiff believes that she has been harmed by inaccurate, incomplete, and unverifiable information furnished about the plaintiff's account. The defendants argue that the plaintiff willingly agreed to modify her original maturity date of August 2022 on at least eight occasions, and that her continued monthly payments past August 2022 conveyed her understanding that the contract was modified. Moreover, the defendants articulate that their attempts to bill, collect, and withhold the plaintiff's title are based on the plaintiff's failure to pay the total outstanding amount of her loan. Therefore, any information published about the

- 3 -

plaintiff's account is truthful, complete, and verifiable. Moreover, that information is not harmful.

## II.    Motion for Preliminary Injunction

Preliminary injunctive relief is an "extraordinary remedy," for which the movant "must establish entitlement to relief by clear evidence." *Doe by & through Doe. v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018). On a request for preliminary injunctive relief, courts consider four factors: (1) whether there is a "reasonable probability" of success on the merits, (2) whether denial would cause irreparable harm to the plaintiff, (3) whether the relief would cause greater harm to the non-moving party, and (4) whether the relief would be in the public interest. *See Amalgamated Transit Union Loc. 85 v. Port Auth. of Allegheny Cnty.*, 39 F.4th 95, 102–03 (3d Cir. 2022). The first two factors are "prerequisites that the moving party must establish." *Id.* (citing *Greater Philadelphia Chamber of Com. v. City of Philadelphia*, 949 F.3d 116, 133 (3d Cir. 2020)). These two factors "are correlative: that is, the weaker the merits showing, the more will be required on the showing of irreparable harm, and vice versa." *Camacho Lopez v. Lowe*, 452 F. Supp. 3d 150, 163 (M.D. Pa. 2020) (citations omitted). "[A] showing of

irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." *Wesley v. Sec'y Pennsylvania Dep't of Corr.*, 569 F. App'x 123, 125 (3d Cir. 2014) (emphasis in original) (quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)).

## III.   Discussion

The plaintiff seeks to enjoin the defendants from repossessing her car. The plaintiff seeks injunctive relief on her conversion claim, asserting that RAC no longer holds any rights under the retail installment sales contract securing an interest in her vehicle, because the contract required the loan to be paid in full by August of 2022.

### A. Likelihood of Success on the Merits

The plaintiff alleges that the defendants have "identified no borrower-executed modification, refinancing, or statutory basis authorizing enforcement beyond the contract's August 2022 maturity." (Doc. 22, at 4). But the plaintiff has attached documents to her complaint indicating otherwise. The plaintiff's retail installment contract with RAC states that "any change to [the original] contract must be in writing and the assignee must sign it." (Doc. 1-3, at 2). The contract also states that

- 5 -

RAC "may extend the time for making some payments…." (*Id.*). Accordingly, the plaintiff's exhibits attached to the complaint demonstrate that RAC followed the terms of the contract, as she was given at least eight written extension forms and notices of extension that were signed by RAC, the last of which was granted on December 29, 2023. *See* (Doc. 1-5, at 9–22). Moreover, additional documents show that she continued to make monthly payments pursuant to those extensions. (Doc. 1-6, at 13–18). Therefore, the plaintiff's own allegations cast doubt on the likelihood of success on the merits of her claim, as she not only identifies the agreed upon authority to modify her contract, but she alleges facts which acknowledge her agreement to the modifications.[2]

The plaintiff, however, contends that contradictions in the defendants' assertions throughout the payment process demonstrate "unresolved factual and legal disputes concerning post-maturity authority—disputes that cannot be resolved against Plaintiff at this stage." (Doc. 29, at 16); *See, e.g.,* (*Id.* at 13) ("Defendants asserted that

---

[2] The plaintiff does not appear to dispute that she continued making monthly payments past August 2022. *See* (Doc. 29, at 3) ("Defendants' own transaction history reflects that Plaintiff continued making payments well beyond the 72-payment term.").

Plaintiff owed $3,721.75 as of October 16, 2025, while their own transaction history reflects a balance of $3,766.00 on that same date."). We note two points in response. First, we find that the plaintiff's argument is immaterial concerning her request for a preliminary injunction. The plaintiff's request for injunctive relief centers on the disputed ownership of her vehicle, and although her assertions may be true, they do not establish that she is entitled to the vehicle's title or that the defendants lack authority to repossess it. Second, we reiterate that preliminary injunctive relief is an "extraordinary remedy," for which the movant "must establish entitlement to relief by clear evidence." *Boyertown Area Sch. Dist.*, 897 F.3d at 526. It is not enough that the record may show "unresolved factual and legal disputes," but rather the plaintiff bears the burden to show that she "is likely to succeed on the merits." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, the plaintiff has failed to meet that standard.

### B. Irreparable Harm

Moreover, the plaintiff has not shown that the repossession of her vehicle would cause immediate and irreparable harm warranting the issuance of a preliminary injunction. (Doc. 22, at 4). For an injury to be

irreparable, it "must constitute 'potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Ecosave Automation, Inc. v. Del. Valley Automation, LLC*, 540 F. Supp. 3d 491, 500 (E.D. Pa. 2021) (quoting *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994)). But the plaintiff has failed to identify "why monetary damages would not remedy [her] prospective injury." *Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*, 277 F. Supp. 2d 508, 517 (E.D. Pa. 2003). The simple loss of use of a car does not meet the burden of establishing irreparable harm. *See Kowalko v. Philadelphia Fed. Credit Union*, No. 24-4918-KSM, 2024 WL 5656314, at *1 (E.D. Pa. Oct. 31, 2024) ("And while the possible loss of his car could cost him time, money, and energy, such injuries are not enough to call for the drastic remedy of a preliminary injunction.); *Sampson v. Murray*, 415 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough [for a preliminary injunction.") (internal quotations omitted). Moreover, we note that the plaintiff's alleged injury is arguably self-inflicted, as she could satisfy the remaining balance to retain possession of her vehicle. Accordingly, the injury does not constitute irreparable harm. *See*

*Simpson v. New Concept, Inc.*, No. 2:25-CV-02552-JDW, 2025 WL 2934910, at \*1 (E.D. Pa. June 4, 2025) ("By withholding the monthly car payments, [the plaintiff] has created the unfortunate situation in which he finds himself, and he cannot seek injunctive relief to remedy this type of self-inflicted injury… an injunction is not necessary to prevent the alleged irreparable harm; he can avoid the impending repossession of his car by making the necessary payments to bring his account current."). Finally, although the plaintiff contends that repossession of her vehicle would render her conversion claim moot (Doc. 22, at 4), she offers no further explanation for that contention and, as the party bearing the burden, she has failed to show irreparable harm for this contention. *See Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 201 (3d Cir. 2024) ("Courts may withhold this extraordinary remedy if a plaintiff's alleged injury does not threaten to moot the case. That approach is often, perhaps usually, the wiser course").

To the extent that the plaintiff seeks a preliminary injunction to enjoin the defendants from furnishing any adverse information about her loan to credit reporting agencies, we find that the plaintiff is not entitled

to such relief. As the defendants have noted, numerous courts in this Circuit have held that injunctive relief is not available to private plaintiffs under the FCRA. *See Alexander v. Navy Fed. Credit Union*, No. 25-CV-2833, 2025 WL 2535610, at *6 (E.D. PA. Sept. 3, 2025) ("Injunctive relief is not available to private litigants under the FCRA.") (citing *Washington v. CSC Credit Servs.*, 199 F.3d 263, 268 (5th Cir. 2000)); *Gelman v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 06-5118, 2007 WL 2306578, at *9 (E.D. Pa. Aug. 9, 2007), *aff'd* 583 F.3d 187 (3d Cir. 2009) ("[B]ecause a claim for declaratory relief would frustrate the FCRA's limitation of injunctive relief, such claim cannot be maintained.") (citations omitted).

## IV.   Conclusion

The plaintiff has failed to demonstrate a likelihood of success on the merits of her claims or irreparable harm in the absence of a preliminary injunction. Therefore, the plaintiff has failed to establish the necessary prerequisites for her preliminary injunction request. *See Amalgamated Transit Union Loc. 85*, 39 F.4th at 102–03 (noting the first two factors are "prerequisites that the moving party must establish.")

For the foregoing reasons, the plaintiff's motion for a preliminary

injunction will be denied.

An appropriate order follows.


Dated: February 2, 2026                    *s/Joseph F. Saporito, Jr.*
                                           JOSEPH F. SAPORITO, JR.
                                           United States District Judge